JARCO, INC., Petitioner–Appellant,

v.

The PUBLIC UTILITIES COMMISSION OF the STATE OF COLORADO, Commissioners Robert J. Hix, Vincent Majkowski, and R. Brent Alderfer, Individual Commissioners Thereof, and Public Service Company of Colorado, Respondent–Appellees.

No. 98SA425.

Supreme Court of Colorado,
En Banc.

May 15, 2000.

Rehearing Denied May 22, 2000.

Richard S. Hlasnicek, for Jarco, Inc., pro se Denver, Colorado.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Alan J. Gilbert, Solicitor General, Renny Fagan, Deputy Attorney General, Victoria R. Mandell, Assistant Attorney General, Busi-

ness and Licensing Section Denver, Colorado, Attorneys for Public Utilities Commission of the State of Colorado and the Individual Commissioners Thereof.

Hall & Evans, L.L.C., C. Chandler Lippitt, Richard S. Shea, Denver, Colorado, New Century Services, Inc., James D. Albright, Denver, Colorado, Attorneys for Public Service Company of Colorado.

Justice RICE delivered the Opinion of the Court.

Jarco, Inc. (Jarco) appeals the order of the district court affirming the decision of the Colorado Public Utilities Commission (Commission) finding Jarco responsible for utility bills during a five-month period from December 21, 1995, to May 20, 1996.[1] Jarco argues on appeal that the Commission acted in an arbitrary and capricious manner in reaching its decision holding Jarco responsible for the disputed utility bills. Additionally, Jarco contends that the Commission violated Jarco's constitutional rights by failing to hold a hearing and by failing to apply customary standards of investigation. We disagree with Jarco's arguments and affirm the order of the district court.

## I. FACTS AND PROCEEDINGS BELOW

This case arose out of a business proposal between Jarco and JaiTire Industries, Inc. (JaiTire). JaiTire is in the business of recycling used automobile tires and Jarco manufactures various products out of the recycled rubber purchased from companies such as JaiTire. In 1995 and 1996, Jarco and JaiTire engaged in negotiations for Jarco's purchase of a significant portion of JaiTire's tire recycling business. These negotiations produced a handwritten agreement signed by both parties on July 13, 1995, containing the terms and conditions whereby Jarco would purchase a portion of JaiTire's business with a closing date of September 1, 1995. The agreement's terms and conditions were not met and the closing never took place.

In conjunction with continuing negotiations, Richard Balsavage, a consultant to both parties and an alleged authorized representative of Jarco, contacted Public Service Company of Colorado (PSC) on December 21, 1995, and directed them to begin billing Jarco for utility service at 4571 and 4591 Ivy Street, Denver, Colorado, the addresses of JaiTire's principal place of business.[2] In response to this request, PSC sent a new customer "welcome letter" to Jarco detailing the various electric rate billing options available. PSC subsequently billed Jarco for all utility services provided to the Ivy Street locations.[3] PSC received no response from Jarco after sending the new customer "welcome letter."

On May 20, 1996, Cornelia A. Snyder, president of JaiTire, contacted PSC and requested that utility services for the Ivy Street locations be returned to the name and responsibility of JaiTire. The president of Jarco, Richard S. Hlasnicek, then contacted PSC and denied responsibility for the utility bills between December 21, 1995, and May 20, 1996,[4] and stated that the original change of service to Jarco on December 21, 1995, was unauthorized. In response to Hlasnicek's representations, PSC transferred the unpaid amount for the utility services from Jarco to JaiTire. JaiTire disputed this transfer and filed an informal complaint with the Commission.

After receiving documentation from Snyder to support her position that Jarco was solely responsible for the disputed utility services, PSC became reasonably convinced that Jarco was in fact responsible for the utility services and subsequently transferred the disputed amount back to Jarco's account.

On May 8, 1997, Jarco filed a formal complaint against PSC with the Commission, alleging that PSC improperly billed Jarco for

---

1. This court has direct appellate jurisdiction of the district court's order pursuant to section 40–6–115(5), 11 C.R.S. (1999).

2. Prior to December 21, 1995, JaiTire was billed for utility services at these addresses.

3. PSC sent these utility bills to Jarco's registered address at 345 W. 62nd Avenue.

4. Neither party disputes that utility services in the amount of $6,310.48 were actually provided at the Ivy Street addresses during the relevant time period.

the disputed utility services. Jarco, represented by counsel at that time, and PSC jointly waived a formal hearing and agreed to have the case determined by written submissions to the Administrative Law Judge (ALJ). The ALJ issued its recommended decision to the Commission on September 5, 1997. In its decision, the ALJ stated that it did not have jurisdiction to determine whether Jarco or JaiTire was responsible for payment of the disputed utility services. However, the ALJ made factual findings and recommended that Jarco's complaint be dismissed because there was insufficient evidence to conclude that PSC improperly billed Jarco for the utility services at issue.

Jarco filed exceptions to the ALJ's recommendation pursuant to section 40–6–109(2), 11 C.R.S. (1999), and PSC filed a response to the exceptions. Because an evidentiary hearing was waived by the parties before the ALJ, the Commission reviewed the ALJ's recommendation de novo. The Commission agreed with Jarco's contention that the ALJ erred to the extent it held that it lacked jurisdiction to determine whether Jarco was responsible for the utility services. However, the Commission noted that the ALJ made sufficient findings of fact supported by the record to resolve the dispute and concluded that PSC did not improperly bill Jarco. The Commission issued a Decision Denying Exceptions, affirming the ALJ's recommendation, on November 5, 1997. Jarco filed an application for reconsideration with the Commission pursuant to section 40–6–114(1). The Commission denied the application for reconsideration on December 23, 1997.

Jarco appealed the Commission's decision to the district court pursuant to section 40–6–115(1). The district court issued an order affirming the Commission's decision on June 30, 1998. Jarco subsequently filed a motion for reconsideration and stay of execution of order. The district court issued a second order denying this motion on September 14, 1998. In this order, the court noted that judicial review of a Commission decision is limited in scope to a determination of whether the Commission has regularly pursued its authority, including a determination of whether the decision under review violated

any constitutional rights of petitioner, whether the decision is just and reasonable, and whether the Commission's conclusions are in accordance with the evidence. The court conducted an independent review of Jarco's allegations of constitutional violations based on the Commission's failure to hold a hearing and its failure to apply customary standards of investigation. After review, the court concluded that both allegations were without merit because Jarco voluntarily waived its right to a hearing while represented by counsel and because Jarco had provided no explanation of what customary standards of investigation should have been applied. The court noted that it may not disturb the Commission's factual findings if they are supported by competent evidence in the record. After review of the record, the court found that the Commission's denial of the relief requested by Jarco was supported by substantial evidence in the record.

## II. ANALYSIS

Jarco argues on appeal that the district court erred in affirming the Commission's decision. Jarco contends that the Commission acted in an arbitrary and capricious manner, and rendered a decision unsupported by the record, in upholding PSC's determination that Jarco was responsible for the disputed utility services. Jarco also argues that the Commission violated its constitutional rights by failing to hold a hearing on its complaint and by failing to apply customary standards of investigation. We disagree with Jarco's arguments on appeal for the reasons stated below.

### A. Standard of Review

Initially, we address the standard of review for this appeal. We apply the same standard as the district court in reviewing Commission decisions. See § 40–6–115(5); see also Office of Consumer Counsel v. Public Utils. Comm'n, 786 P.2d 1086, 1091 (Colo. 1990). Judicial review of Commission decisions is limited to determining whether the Commission has regularly pursued its authority, including a determination of whether the decision under review violates any constitutional right of the petitioner, whether the

decision is just and reasonable, and whether the conclusions reached are in accordance with the evidence. *See* § 40–6–115(3); *see also Powell v. Public Utils. Comm'n,* 956 P.2d 608, 613 (Colo.1998). The Commission's findings on disputed issues of fact are final and are not subject to judicial review. *See* § 40–6–115(2). However, a constitutional challenge to a Commission's decision requires the reviewing court to exercise an independent judgment on the law and the facts, and the findings or conclusions of the Commission that were material to the determination of the constitutional question are not final. *See id.*

### B. Jarco's Responsibility for Utility Services

Jarco contends that the Commission acted arbitrarily and capriciously in finding that PSC correctly concluded that Jarco was responsible for the utility services at issue. Jarco argues that PSC exceeded its authority when it initially transferred the utility services to Jarco's account on December 21, 1995, and also when it decided to transfer the disputed amount back to Jarco's account after receiving documentation from JaiTire's president supporting the position that Jarco was responsible for the utility services.

■ Jarco's argument that PSC exceeded its authority in initially transferring utility services at the Ivy Street addresses to its account is based on its contention that Balsavage was not authorized to instruct PSC to bill Jarco for the utility services. This is a factual dispute that was resolved by the Commission against Jarco in its Decision Denying Exceptions when it determined that "the record ... includes substantial evidence that Jarco authorized [PSC] to transfer the account for utility services at 4571 and 4591 Ivy Street to Jarco." The Commission found that the evidence established that there was a business relationship between Jarco and JaiTire at the relevant time, that Balsavage was an authorized representative of Jarco when he directed PSC to transfer the utility services to Jarco, and that Jarco had assumed responsibility for the premises at 4571 and 4591 Ivy Street.

■ In addition, Jarco's argument that PSC exceeded its authority by transferring the disputed amount back to its account, after receiving documentation from JaiTire's president, is also based on its position that insufficient evidence existed in the record to support the transfer decision. However, the Commission incorporated the ALJ's findings that Jarco had not provided any evidence that PSC's billing practices were in violation of any law, rule, or tariff or that PSC's reliance on representations made to it was unreasonable. Consequently, the Commission agreed with the ALJ that there was no basis to conclude that PSC improperly billed Jarco for the utility services at issue.

As noted above, the findings of the Commission on disputed issues of fact are final and are not subject to judicial review. *See* § 40–6–115(2). Accordingly, our review here is limited to determining whether the Commission regularly pursued its authority, whether its decision is just and reasonable, and whether its conclusions are in accordance with the evidence. *See* § 40–6–115(3).

Upon review of the record, we conclude that the Commission acted pursuant to its authority, that its decision is just and reasonable, and that its conclusions are in accordance with the evidence. We agree with the district court that this case put PSC in the unenviable position of determining which party was responsible for the disputed utility services after their business deal collapsed. In making this determination, the Commission acted pursuant to its authority in reviewing the ALJ's findings that PSC had properly billed Jarco and in incorporating those findings into its decision. The decision to hold Jarco responsible is just and reasonable and in accordance with all of the evidence before the Commission, as noted above. As such, we reject Jarco's argument that the Commission acted arbitrarily and capriciously in determining that PSC correctly concluded that Jarco was responsible for the utility services at issue.[5]

### C. Jarco's Constitutional Claims

■ Jarco contends that the Commission violated its constitutional rights by fail-

---

5. We note that our decision does not address any potential claims between Jarco and JaiTire.

ing to hold a hearing on its complaint and by failing to employ customary standards of investigation.

As noted above, Jarco voluntarily waived its right to a hearing, while represented by counsel, and agreed to have the ALJ issue its decision after receiving written submissions from the parties. Nonetheless, Jarco argues on appeal that the ALJ "misled" Jarco by implying that it would be able to decide the dispute without the need of a hearing, and then issued its decision on only the procedural aspects of PSC's investigation. Upon independent review of the record, we conclude that Jarco's claim is without merit. First, there is no evidence in the record to indicate that the decision by Jarco to waive its right to a hearing was anything other than completely voluntary or that the ALJ made any representations that could have misled Jarco regarding its decision to waive the hearing. Moreover, the Commission specifically recognized that the ALJ erred to the extent that it stated that it was without jurisdiction to resolve the dispute between Jarco and PSC. However, the Commission noted that the ALJ made sufficient factual findings to allow the Commission to resolve the dispute and concluded that PSC did not improperly bill Jarco for the utility services at issue.

Jarco also argues that the Commission violated its constitutional rights by failing to employ "customary standards of investigation" in reaching its decision.[6] Jarco's essential argument on this issue is that it believes the Commission gave undue weight to evidence in the record presented by JaiTire to PSC. We conclude, upon independent review of the record, that the Commission's decision is in accordance with the evidence in the record. Accordingly, we reject Jarco's constitutional claims.

### III. CONCLUSION

In sum, we conclude that the Commission acted regularly pursuant to its authority, that its decision is just and reasonable, and that its conclusions are in accordance with the evidence. Additionally, after independent review of the record, we reject Jarco's argu-

ment that the Commission violated Jarco's constitutional rights by failing to hold a hearing on its complaint and by failing to apply customary standards of investigation. Accordingly, we affirm the order of the district court.

---

6. Jarco fails to identify the alleged constitutional rights that it believes the Commission violated.